**Case Number 13-55264**

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### MICHAEL S. HOFFMAN,

*Plaintiff - Appellant*,

vs.

### AURORA BANK FSB

*Defendant - Appellee*.

### RESPONSE BRIEF OF DEFENDANT/APPELLEE
### AURORA COMMERCIAL CORP.
*successor by merger to* **AURORA BANK FSB**

Appeal from the United States District Court
for the Central District of California
U.S.D.C. Case No. 5:12-cv-01015-JST-DTB
The Honorable Josephine Staton Tucker, Judge Presiding

### AKERMAN SENTERFITT LLP
Justin D. Balser (SBN 213478)
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile:  (213) 627-6342

### ATTORNEYS FOR DEFENDANT/APPELLEE
### AURORA COMMERCIAL CORP.
*successor by merger to* **AURORA BANK FSB**

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Appellate Procedure 26.1, Aurora Bank FSB was a non-governmental private corporate party and was a federal savings bank with its principal place of business in Douglas County, Colorado. Aurora Bank FSB has since merged into Aurora Commercial Corp. Aurora Commercial Corp. is a wholly-owned subsidiary of Lehman Brothers Bancorp Inc. Lehman Brothers Bancorp Inc. is a wholly owned subsidiary of Lehman Brothers Holdings Inc. No publicly traded entity owns 10% or more of Aurora Commercial Corp.'s stock.

DATED this 21st day of August, 2013

**AKERMAN SENTERFITT LLP**

By: _/s/ Justin D. Balser_

Justin D. Balser
725 S. Figueroa Street, 38th Floor
Los Angeles, California 90017

Attorneys for Defendant/Appellee
AURORA COMMERCIAL CORP.
*successor by merger to* AURORA
BANK FSB

# **TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................i

TABLE OF AUTHORITIES ........................................................iii

JURISDICTIONAL STATEMENT ............................................... 1

STATEMENT OF THE ISSUES.................................................. 2

STATEMENT OF THE CASE..................................................... 3

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY ........................... 4

    I.    Hoffman Obtains a Loan with his Wife from First National Bank of Arizona................................................. 4

    II.   Hoffman Sues Aurora............................................ 4

    III.  Aurora Removes the Case to the United States District Court for the Central District of California and Moves to Dismiss......................... 6

    IV.  The District Court Issues an Order to Show Cause that is Later Discharged and Grants Aurora's Motion to Dismiss with Prejudice............................... 7

    V.   Judgment is Entered and Hoffman Appeals............................. 9

STANDARD OF REVIEW ......................................................... 10

    I.    District Court's Holding on a Motion to Dismiss Reviewed *De Novo*................................ 10

    II.   Leave to Amend. ............................................... 12

    III.  Discharge of Order to Show Cause for Sanction of Adverse Ruling....................... 13

SUMMARY OF ARGUMENT .................................................... 13

LEGAL ARGUMENT................................................................ 14

    I.    Hoffman's Appeal Should be Dismissed, or the District Court Judgment Affirmed Because Hoffman Has Failed to Set Forth the

         Issues Presented and the Applicable Standard of Review As Required. ...............................................................14

II.     Hoffman's Appeal Should Be Dismissed Because it Is Incoherent And Fails to Allege a Cognizable Argument. ...........................................15

III.    The District Court Properly Granted Aurora's Motion to Dismiss with Prejudice...............................................................17

       A.     The Non-Appearance of Both Parties at the Hearing on Aurora's Motion to Dismiss did not Require the District Court to Deny Aurora's Motion. ..................................................17

       B.     Hoffman Failed to Join a Necessary Party.....................................18

       C.     Hoffman's "Fraud/Negligence" Claim Fails. ...............................20

           1.     Hoffman cannot State a Claim for Fraud. ...........................21

           2.     Hoffman Cannot State A Claim for Negligence. ................23

       D.     Hoffman's Injunctive Relief Claim Fails. ......................................25

       E.     Hoffman Cannot Quiet Title. ...........................................................26

CONCLUSION ..................................................................................................28

STATEMENT OF RELATED CASES ...........................................................29

CERTIFICATE OF COMPLIANCE...............................................................29

CERTIFICATE OF SERVICE .........................................................................30

# <u>TABLE OF AUTHORITIES</u>

## Cases

*Abdallah v. United Sav. Bank*,
  43 Cal. App. 4th 1101 (1996)...............................................................................24

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009) ........................................................................... 10, 11

*Balistieri v. Pacifica Police Dep't,*
  901 F.2d 696, 699 (9th Cir. 1990).......................................................................12

*Batt v. City & Cnty. of S.F.*,
  155 Cal. App. 4th 65 (2007).................................................................................25

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555 (2007) ...................................................................... 10, 11, 12

*Bisno v. Sax*,
  175 Cal. App. 2d 714 (1959)................................................................................26

*Cervantes v. Countrywide Home Loans, Inc.*,
  656 F.3d 1034, 1040 (9th Cir. 2011).......................................................... 10, 12

*Chi., M. St. P. & P.R. Co. v. Adams Cnty.*,
  72 F.2d 816 (9th Cir. 1934).................................................................................19

*Conley v. Gibson,*
  355 U.S. 41, 45–46 (1957) ..................................................................................10

*Cooper v. Pickett*,
  137 F.3d 616 (9th Cir. 1997)...............................................................................21

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384, 405 (1990) ....................................................................................13

*DeSoto v. Yellow Freight Sys., Inc.,*
  957 F.2d 655, 658 (9th Cir. 1992).......................................................................12

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
  375 F.3d 861 (9th Cir. 2004)...............................................................................19

*Gaffney v. Downey Sav. & Loan Assoc.*,
  200 Cal. App. 3d 115 (1988)...............................................................................26

*Gerhard v. Stephens*,
   68 Cal. 2d 864 (1968)........................................................................................26

*Glue-Fold, Inc. v. Slautterback Corp.*,
   82 Cal. App. 4th 1018, 1023 n.3 (2000).............................................................25

*Han v. Stanford University Dining Services*,
   210 F.3d 1038, 1040 (9th Cir. 2000)..................................................................15

*Hoover v. Gershman Inv. Corp.*,
   774 F. Supp. 60 (D. Mass. 1991).......................................................................20

*Independent Towers of Wash. v. State of Wash.*,
   350 F.3d 925, 929 (9th Cir. 2003)......................................................................16

*Johnson v. Wells Fargo Home Mortg., Inc.*,
   635 F.3d 401, 421 (9th Cir. 2011)......................................................................12

*Johnson v. Wheeler*,
   492 F. Supp. 2d 492 (D. Md. 2007) ............................................................. 19, 20

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120, 1126 (9th Cir.2009)...................................................................21

*Kelley v. Mortgage Elec. Registration Sys., Inc.*,
   642 F. Supp. 2d 1048 (N.D. Cal. 2009) .............................................................27

*King County v. Rasmussen*,
   299 F.3d 1077, 1088 (9th Cir. 2002)..................................................................10

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
   519 F.3d 1025, 1030 (9th Cir. 2008)..................................................................10

*Mendoza v. City of Los Angeles*,
   66 Cal. App. 4th 1333 (1998).............................................................................24

*Mitchel v. General Electric Co.*,
   689 F.2d 877, 879 (9th Cir. 1982)......................................................................15

*Mix v. Sodd*,
   126 Cal.App.3d 386, 390 (1991).........................................................................27

*N/S Corp. v. Liberty Mut. Ins. Co.*,
   127 F.3d 1145, 1146 (9th Cir. 1997)..................................................................15

*Nascimento v. Dummer*,
  508 F.3d 905, 909 (9th Cir. 2007) ........................................................13

*Neubronner v. Milken*,
  6 F.3d 666 (9th Cir. 1993) ........................................................................22

*Nymark v. Heart Fed. Savs. & Loan Ass'n*,
  231 Cal. App. 3d 1089, 1096 (1991) ......................................................24

*Shimpones v. Stickney*,
  219 Cal. 637, 649 (1934) ..........................................................................27

*Spear v. Cal. State Auto. Ass'n*,
  2 Cal. 4th 1035 (1992) ..............................................................................23

*Stevens v. Security Pacific National Bank*,
  538 F.2d 1387, 1389 (9th Cir. 1976) ......................................................15

*Tarmann v. State Farm Mutual Automobile Ins. Co.*,
  2 Cal. App. 4th 153 (1991) ......................................................................22

*Thompson v. Paul*,
  547 F.3d 1055, 1058-59 (9th Cir. 2008) ................................................12

*Twain v. Harte Homeowner Ass'n v. Patterson*,
  193 Cal. App. 3d 184 (1987) ....................................................................26

*U.S. Cold Storage Cal. v. Great W. Savs. & Loan Ass'n*,
  165 Cal. App. 3d 1214 (1985) ..................................................................24

*United States v. Dunkel*,
  927 F.2d 955, 956 (7th Cir.1991) ............................................................17

*United States v. Hinkson*,
  585 F.3d 1247, 1261–62 (9th Cir.2009) ........................................... 13, 18

*Vinci v. Waste Mgmt., Inc.*,
  80 F.3d 1372, 1374 (9th Cir. 1996) ........................................................10

*Watts v. Decision One Mortgage Co.*,
  No. 09 Civ 0043 JM (BLM), 2009 WL 2044595 (S.D. Cal. July 13, 2009) .....24

*Winter v. Nat. Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ......................................................................................26

*Wolfe v. Lipsy*,
  163 Cal. App. 3d 633 (1985).................................................................27

**Statutes**

28 U.S.C. § 1291..................................................................................1

28 U.S.C. § 1332..................................................................................1

28 U.S.C. § 1441..................................................................................1

28 U.S.C. § 1446..................................................................................1

*California Code of Civil Procedure* § 335........................................25

*California Code of Civil Procedure* § 338........................................22

*California Code of Civil Procedure* § 760........................................26

**Rules**

*Federal Rules of Appellate Procedure* 28...................................2, 15

*Federal Rules of Civil Procedure* 12 ..........................................2, 12

*Federal Rules of Civil Procedure* 19 ..............................................6

*Federal Rules of Civil Procedure* 8 ..............................................11

*Federal Rules of Civil Procedure* 9 ..............................................21

*Ninth Circuit Rule* 28-1(a)...............................................................15

*Ninth Circuit Rule* 28-2.5................................................................15

# JURISDICTIONAL STATEMENT

(a) Federal subject matter jurisdiction was proper in the District Court because Plaintiff/Appellant Michael S. Hoffman's (**Hoffman**) Complaint was removed to the District Court pursuant to 28 U.S.C. §§ 1441, 1446 on diversity jurisdiction grounds under 28 U.S.C. § 1332.

(b) On November 15, 2012, the District Court entered a minute order granting Aurora's Motion to Dismiss Complaint (Fld June 27, 2012.) (Excerpts of Record (**ER**) at 60, Dkt. No. 37.)[1] The District Court entered a final judgment dismissing the case with prejudice on January 14, 2013. (ER at 61, Dkt. No. 39.) The judgment is final and appealable, and this Court has jurisdiction pursuant to 28 U.S.C. § 1291.

(c) Hoffman filed the Notice of Appeal on February 12, 2013. (ER at 61, Dkt. No. 40.) The Notice of Appeal was filed within 30 days of the entry of judgment, and therefore, this Court also maintains jurisdiction under Federal Rules of Appellate Procedure, Rule 4(a).

---

[1] Hoffman is proceeding *pro per* and therefore did not and was not required to prepare the Excerpt of Record. (Ninth Circuit Rule 30-1.2.)

# <u>STATEMENT OF THE ISSUES</u>[2]

1.      Whether the District Court abused its discretion when it discharged the Order to Show Cause (**OSC**) directed to both parties for failure to appear at the hearing on Aurora's Motion to Dismiss.

2.      Whether non-appearance of both parties at the hearing on Aurora's Motion to Dismiss required the District Court to deny Aurora's Motion to Dismiss.

3.      Whether this Court should affirm the District Court's decision to grant Aurora's Motion to Dismiss Hoffman's fraud and negligent misrepresentation claims pursuant to Federal Rules of Civil Procedure 12(b)(6).

4.      Whether this Court should affirm the District Court's decision to grant Aurora's Motion to Dismiss Hoffman's injunctive relief claim pursuant to Federal Rules of Civil Procedure 12(b)(6).

5.      Whether this Court should affirm the District Court's decision to grant Aurora's Motion to Dismiss Hoffman's quiet title claim pursuant to Federal Rules of Civil Procedure 12(b)(6).

---

[2] Hoffman did not prepare a Statement of Issues Presented as required by Federal Rules of Appellate Procedure Rule 28(a)(5).  As a result, Aurora has, to the best of its ability, garnered from Hoffman's opening brief the issues that appear to be presented.

## <u>STATEMENT OF THE CASE</u>

In his complaint, Hoffman alleged he was fraudulently induced into his loan by his broker and sought an order quieting title in his favor and enjoining Aurora from foreclosing on the property.  His allegations are largely incoherent, appear to be directed to third-party non-defendants in the lawsuit, and in no way state a valid claim against Aurora.  Aurora, therefore, moved to dismiss the complaint.

Before the hearing on Aurora's motion, the District Court ordered the parties to participate in mandatory loan modification conferences.  Hoffman failed to appear at these conferences, and the motion was set for hearing.  Both parties failed to appear at the hearing on the motion so the District Court issued an order to show cause.  Both parties responded, after which the District Court discharged the order to show cause and granted Aurora's motion to dismiss with prejudice.

In granting the motion, the District Court held Hoffman's fraud and negligence claims failed because Aurora, Hoffman's loan servicer, was not involved in the loan origination that purportedly gave rise to these claims.  The District Court also noted these claims would be barred by the statute of limitations.  The District Court granted Aurora's motion to dismiss Hoffman's request to quiet title in his favor because Hoffman failed to establish an adverse claim to his title and he had not repaid his mortgage.  The dismissal of Hoffman's substantive claims resulted in dismissal of his related requests for declaratory and injunctive

relief.  Finally, the District Court held dismissal with prejudice was appropriate because leave to amend would be futile.  Hoffman timely appealed.

## STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

### I.    Hoffman Obtains a Loan with his Wife from First National Bank of Arizona.

On May 14, 2007, Hoffman and his wife, Theresa Hoffman, obtained a $616,000.00 loan (**loan**) from First National Bank of Arizona (**First National**) through their mortgage broker.  (ER at 41-42, 52.)  The loan is secured by a deed of trust against real property located at 741 Jeffries Road, Big Bear Lake, California 92315 (the **property**).  (ER at 41-43.)  The deed of trust was recorded in the public records of San Bernardino County on May 22, 2007, and identifies Mortgage Electronic Registration Systems, Inc. (**MERS**) as the beneficiary, Old Republic Title as the trustee, and First National as the lender.  (*Id.*)  Aurora was the servicer of the loan.  (ER at 54.)

### II.    Hoffman Sues Aurora.

Hoffman filed his complaint with the San Bernardino County Superior Court on April 5, 2012.  (ER at 46.)  The complaint consists of a five pages of allegations and Hoffman's declaration.  (ER at 46-54.)  Hoffman purported to state two claims styled as follows: (**1**) "fraud/negligence"; and (**2**) "injunctive and declaratory relief."  (ER at 46-49.)  The complaint also appeared to allege a claim for quiet

title.  (ER at 50-51.)

In support of his "fraud/negligence" cause of action Hoffman cites his declaration and pleads "at the time this overt act of such fraud and deceit occurred defendants have managed to effect title to the subject property in their name, and as beneficiary in defendants' name, as per plaintiff's explanation of events."  (ER at 48.) Hoffman's declaration attests his income was misstated on the loan application by his broker (ER at 52), and Hoffman did not realize he had a negative amortization loan until he reviewed his statement, about a year later, and realized he "owed more than what we paid for the house, and the payment was going UP." (*Id*.)  The declaration further attests Hoffman received a letter saying the loan payment was overdue for the March 1, 2012 payment and Aurora attempted to contact him numerous times, but that "since [he] considers this a legal matter now, [he] never answer [*sic*] the phone when they call."  (ER at 53.)

Hoffman's "declaratory and injunctive relief" claim incorporates the preceding allegations and states "[t]he conduct of the defendant has caused plaintiff irreparable harm for which there is no adequate remedy at law, with the basis for which standing is provided for plaintiff fully exemplified in the accompany exhibits"—Hoffman's Declaration and a letter that appears to be from Aurora to Hoffman regarding an overdue payment for March 1, 2012.  (ER at 49.)

In his prayer, Hoffman may have sought to quiet title.  He requests "[t]hat

the Court (a) issue an order that the defendant(s)t [*sic*] deliver all rights and assignments vesting plaintiff's interest in the subject property to the Court and (b) cancel all rights and interest of these defendants [*sic*] pertaining to the property. That the Court order judgment quieting title from Defendants." (ER at 50.)

## III.     Aurora Removes the Case to the United States District Court for the Central District of California and Moves to Dismiss.

Aurora removed Hoffman's complaint to the District Court on June 20, 2012. (ER at 57, Dkt. No. 1.) Aurora moved to dismiss the entire complaint with prejudice on numerous grounds including the following:

- Hoffman's entire complaint should be dismissed for failure to join his wife, a necessary party under Federal Rules of Civil Procedure 19.

- Hoffman's fraud and negligence claims[3] fails because they are based on the alleged actions of Hoffman's broker not Aurora, and are barred by the statute of limitations;

- Hoffman's injunctive relief claim fails because Hoffman plead no substantive claim entitling him to such a remedy; and

- To the extent Hoffman sought to quiet title, he could not because Aurora had not asserted a superior interest in Hoffman's title and Hoffman admittedly had not repaid the loan.

---

[3] For clarity, Aurora split Hoffman's "fraud/negligent" claim into two separate claims and moved to dismiss each on multiple grounds.

(ER at 32-38.)

Hoffman then filed a "Revised Opposition to Defendant's Motion to Dismiss Case" in which Hoffman argued that venue was improper. (ER at 59, Dkt. No. 27; *see also* ER at 18-20.) He also attached to his Revised Opposition his prior "Notice of Request to Dismiss 'Defendant's Motion to Dismiss Plaintiff's Complaint' for Lack of Venue." (ER at 23-24.) Plaintiff did not otherwise oppose Aurora's Motion. (ER at 57-60.)

## IV. The District Court Issues an Order to Show Cause that is Later Discharged and Grants Aurora's Motion to Dismiss with Prejudice.

The District Court set the matter for a loan modification settlement conference on August 10, 2012. (ER at 57, Dkt. No. 9). Hoffman failed to participate in those proceedings. (ER at 58, Dkt. No. 15). The hearing on Aurora's motion to dismiss was set for October 26, 2012. (ER at 59, Dkt. No. 25.) Both parties failed to appear at the hearing, and the Court issued an order to show cause directed to Hoffman and Aurora as to their failure to appear and why this case should not be dismissed for lack of prosecution. (ER at 60, Dkt. No. 32.) Responses were ordered due by November 5, 2012. (*Id.*)

On October 31, 2012, counsel for Aurora filed its response to the order to show cause, which explained the administrative error that caused counsel to miss

the hearing.  (ER at 60, Dkt. No. 35; *see also* ER at 15-16.)  Hoffman filed his response on November 5, 2012.  (ER at 60, Dkt. No. 36.)  The District Court then entered its order discharging the order to show cause and granting Aurora's motion to dismiss.  (ER at 60, Dkt. No. 37.)

In its order, the District Court first noted Local Rule 7-14 would allow it to rule against the party that failed to appear at the hearing, but that since "both parties failed to appear, and good cause was not shown to continue the hearing, the Court will rule on the papers."  (ER at 6.)  Regarding the order to show cause, the District Court acknowledged Hoffman and Aurora had both responded but that "Plaintiff's vague and conclusory assertion that Plaintiff did not appear 'due to unexpected and unforeseen circumstances' is not a sufficient explanation for Plaintiff's failure to appear.  However in light of the fact that neither party appeared, and in the interests of judicial economy, the Court DISCHARGES the OSC."  (ER at 7.)

Regarding Aurora's motion to dismiss, the District Court rejected Aurora's argument that Hoffman's complaint should be dismissed for his failure to join his wife.  (ER at 10.)  The District Court, however, granted Aurora's motion to dismiss Hoffman's fraud and negligence claims on the ground that Aurora, Hoffman's loan servicer, was not involved in the loan origination that purportedly gave rise to these claims.  (ER at 11.)  In so holding, the District Court also noted these claims

would be barred by the statute of limitations. (*Id*.)

The District Court granted Aurora's motion to dismiss Hoffman's request for "an order enjoining Defendant from asserting, claiming or possessing any interest, right or claims to the subject property and quieting title in favor of plaintiff because Hoffman fails to establish an adverse claim to his title. (ER at 12.) The District Court also held Hoffman could not quiet title because he had not repaid his mortgage. (*Id*.) The dismissal of Hoffman's substantive claims resulted in dismissal of his related requests for declaratory and injunctive relief. (*Id*.) Finally, the District Court held "[b]ecause it is clear that, even if given leave to amend, Plaintiff could not state a valid claim against Aurora Bank, the dismissal is with prejudice." (ER at 13.)

## V.    Judgment is Entered and Hoffman Appeals.

On January 14, 2013, the District Court entered judgment of dismissal with prejudice in favor of Aurora. (ER at 61, Dkt. No. 39; *see also* ER at 4-5.) Hoffman filed his notice of appeal on February 12, 2013. (ER at 61, Dkt. No. 61; *see also* ER at 1.)

## STANDARD OF REVIEW[4]

### I.     District Court's Holding on a Motion to Dismiss Reviewed *De Novo*.

This Court reviews rulings on motions to dismiss for failure to state a claim *de novo*.  *See*, *e.g.*, *King County v. Rasmussen*, 299 F.3d 1077, 1088 (9th Cir. 2002); *Vinci v. Waste Mgmt., Inc.*, 80 F.3d 1372, 1374 (9th Cir. 1996).  Dismissal for failure to state a claim is appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957).

In conducting this review, this Court applies the same standards as the district court.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008).  " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.' " *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  As the Supreme Court put it, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the  requirement of

---

[4] Hoffman did not include the applicable standard of review pursuant to Ninth Circuit Rule 28-2.5.

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

With these principles in mind, this Court approaches review of a 12(b)(6) motion in two steps. The Court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. at 679.  A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' "  *Id.* (quoting *Twombly*, 550 U.S. at 557); *see id.* at 678-69 (Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

Next, after eliminating the conclusory allegations from consideration, the Court assumes that any remaining "well-pleaded factual allegations" are true and then determines "whether they plausibly give rise to an entitlement to relief." *Id.* at 679 (emphasis added).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555). A complaint need not contain " 'detailed factual allegations,' " but it must provide more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Thus, a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to . . . nudge [][its] claims across the line from conceivable

to plausible . . . ." *Twombly,* 550 U.S. at 570.

The Court may affirm the dismissal based on "any ground supported by the record," including grounds that were raised but not decided by the District Court. *See Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008) (cited authority omitted); *Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 421 (9th Cir. 2011).

## II.    Leave to Amend.

This Court reviews "[t]he district court's denial of leave to amend . . . for an abuse of discretion." *Cervantes,* 656 F.3d at 1041. "Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Id.* The district court does not abuse its discretion in denying leave to amend where the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (leave to amend should be granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency") (internal quotation and citation omitted); *Balistieri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990) ("A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (internal

citations omitted).

### III.     Discharge of Order to Show Cause for Sanction of Adverse Ruling.

This Court reviews the District Court's decision whether to issue sanction for failure to appear for an abuse of discretion..  *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007).  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).  A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record.  *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir.2009) (en banc).

### SUMMARY OF ARGUMENT

Hoffman has failed to demonstrate the District Court committed reversible error in granting the Aurora's Defendants' motion to dismiss.  As a threshold matter, Hoffman fails to set for the issue presented and the applicable standard of review.  For this reason alone, his appeal should be dismissed or the District Court judgment affirmed.  Hoffman's opening brief is entirely incoherent and fails to make a cognizable argument and should be dismissed for this additional reason.

Addressing the order at issue it is evident the District Court properly granted

Aurora's motion to dismiss. The non-appearance of the parties at the hearing on Aurora's motion did not require the District Court to rule against Aurora. Hoffman's entire complaint fails because he did not join a necessary party. Hoffman's fraud and negligence claims fail because the allegations relate entirely to the loan origination, a transaction Aurora was undisputedly not involved in, and would anyway be barred by the statute of limitations. His negligence claim additionally fails because Aurora owed him no legal duty and the claim is barred by the economic loss doctrine. Hoffman's injunctive relief claim fails because he has no substantive claim entitling him to such a remedy. His quiet title claim fails because he does not allege Aurora asserts an adverse interest and he has not paid the debt owed.

For any and all of these reasons, discussed more thoroughly below, Hoffman's appeal should be dismissed or the District Court judgment affirmed.

## **LEGAL ARGUMENT**

**I.    Hoffman's Appeal Should be Dismissed, or the District Court Judgment Affirmed Because Hoffman Has Failed to Set Forth the Issues Presented and the Applicable Standard of Review As Required.**

Hoffman's appeal should be dismissed, or the District Court's order and judgment affirmed, because Hoffman has failed to set forth the issues presented

and the applicable standard of review as required by Federal Rules of Appellate Procedure 28(9)(B) and Ninth Circuit Rule 28-2.5. This Court has repeatedly "held that failure to comply with Rule 28, by itself, is sufficient grounds to justify dismissal of an appeal." *In Re O'Brien,* 312 F.3d 1135, 1136 (9th Cir. 2002) (discussing *Han v. Stanford University Dining Services,* 210 F.3d 1038, 1040 (9th Cir. 2000) (emphasis added); *N/S Corp. v. Liberty Mut. Ins. Co.*, 127 F.3d 1145, 1146 (9th Cir. 1997); *Mitchel v. General Electric Co.*, 689 F.2d 877, 879 (9th Cir. 1982); *Stevens v. Security Pacific National Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976); *see also Ninth Circuit Rule 28-1(a)*("Briefs not complying with FRAP and these rules may be stricken by the Court.")). Hoffman omits an essential and fundamental requirement in his opening brief—he failed to set forth the issues presented and the standard of review the Court must apply in considering the appeal. Hoffman's deficient opening brief warrants dismissal of his appeal.

## II.    Hoffman's Appeal Should Be Dismissed Because it Is Incoherent And Fails to Allege a Cognizable Argument.

Hoffman appears confused regarding the dismissal. At the outset of the brief Hoffman seems to contend because neither party appeared at the hearing on Aurora's motion to dismiss, the Court lacked authority to grant the Motion. (AOB, p. 2:7-17 "since the District Court had already admitted that both parties had failed to appear, it certainly should be deemed as a biased decision on the part of the

District Court to render any decision on the part of the District Court to render any decision at all, much less an order of dismissal favoring the Defendant . . . .") Hoffman then argues the District Court should not have dismissed his complaint for failure to join his wife because he attempted to file an amended complaint joining his wife in the state court after the removal.  (AOB, p. 3:5-26.)[5]  The District Court did not dismiss the complaint on this ground.  Hoffman then includes two pages of citation to legal authority regarding the authority of the District Court to hear a matter removed from state court.  (AOB, pp. 5-6.)

There is no cognizable discussion of the District Court's actual bases for dismissal, or any indication of how or why the District Court erred in dismissing his complaint with prejudice.  The pleading employed in Hoffman's opening brief, like Hoffman's complaint, has long been held deficient.  *See., e.g., Independent Towers of Wash. v. State of Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("When reading ITOW's brief, one wonders if ITOW, in its own version of the 'spaghetti approach,' has heaved the entire contents of a pot against the wall in hopes that

---

[5] Hoffman attaches as Exhibit F to his opening brief an Amended Complaint that appears to have been filed with the state court on or about July 5, 2012, which is approximately three months after this case was removed to the District Court.  The Amended Complaint was not part of the District Court record and should be stricken. *See Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir. 1988) (Noting that material neither filed with the district court, admitted into evidence nor otherwise considered by the district court cannot be part of the record on appeal and should be stricken.)

something would stick.  We decline, however, to sort through the noodles in search of ITOW's claim. As the Seventh Circuit observed in its now familiar maxim, '[j]udges are not like pigs, hunting for truffles buried in briefs.' *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991).").

Whatever the basis for Hoffman's argument, Aurora and the Court should not be required to sift through ramblings to create, respond or conjure up a cause of action where none exists.

**III.    The District Court Properly Granted Aurora's Motion to Dismiss with Prejudice.**

**A.    The Non-Appearance of Both Parties at the Hearing on Aurora's Motion to Dismiss did not Require the District Court to Deny Aurora's Motion.**

Hoffman appears to contend Aurora's Motion was improperly granted because neither party appeared at the hearing.  (AOB, p. 2.)  Not true.  Local Rule 7-14 of the Central District reads as follows:  "Counsel for the moving party and the opposing party shall be present shall be present on the hearing date and shall have such familiarity with the case as to permit informed discussion and argument of the motion.  Failure of any counsel to appear . . . may be deemed consent to a ruling upon the motion adverse to that counsel's position."  As is evident by use of the phrase "may be deemed consent," this Rule is discretionary and in no way

requires denial of a motion.  After both parties failed to appear, the District Court issued an order to show cause regarding that failure.  (ER at 60, Dkt. No. 32.) Both parties submitted responses, (ER at 60, Dkt. Nos. 35, 36, and 37.) and the order to show cause was discharged.

It is apparent the District Court did not abuse its discretion in discharging the order to show cause.  A district court abuses its discretion when it fails to apply the correct legal rule or its application of the correct legal rule is illogical, implausible or without support in inferences that may be drawn from the facts in the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc). There was simply nothing "illogical, implausible or without support in inferences that may be drawn from the record" in the District Court's decision to discharge the order to show cause, or its subsequent decision to grant Aurora's Motion.  The District Court was satisfied with counsel's explanation for their failure to appear. Nothing more.

## B.    Hoffman Failed to Join a Necessary Party.

Hoffman is one of two borrowers on the loan.  (ER at 41.)  The other borrower, Theresa Hoffman, is not named as a party in this case.  Ms. Hoffman is a necessary party since her loan  is the central issue in this case.

If a person is found to be "necessary" under Rule 19(a), and the necessary party cannot be joined without depriving the Court of subject matter jurisdiction,

the Court then considers whether, "in equity and good conscience the action should proceed among the parties before it, or should be dismissed," because the absent party is "indispensable." Rule 19(b); *see also Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878 (9th Cir. 2004)

In determining whether a party is indispensable under Rule 19(a), a court considers, "first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 878-79 (9th Cir. 2004).

It has long been held that "[e]very indispensable party must be brought into court, or the suit will be dismissed." *Chi., M. St. P. & P.R. Co. v. Adams Cnty.*, 72 F.2d 816, 819 (9th Cir. 1934). Under Federal Rules of Civil Procedure 19, a court undergoes a two-step inquiry:

> First, the Court must inquire whether a party is "necessary" to a proceeding because of his or her relationship to the matter under consideration. Second, if a party deemed necessary is unavailable, the court must consider whether the proceeding can continue in that party's absence. If it cannot, the party will be deemed "indispensable" and the action must be dismissed.

*Johnson v. Wheeler*, 492 F. Supp. 2d 492, 499 (D. Md. 2007). In the context of

suits relating to real property, the sale of which is sought to be undone, co-owners are necessary and indispensable. *Id.* at 499-500 (finding suit could not proceed without joinder of co-owner of property prior to sale sought to be rescinded); *Hoover v. Gershman Inv. Corp.*, 774 F. Supp. 60, 64 (D. Mass. 1991) (finding suit could not proceed without joinder of plaintiff's parents who were joint tenants on property prior to foreclosure and shared and "undeniable interest" in the action).

If Hoffman were allowed to proceed on his complaint without joinder of his co-borrower, she "could at some future date pursue litigation" on her own behalf that might re-subject Aurora "to liability on causes of action identical to those prosecuted in the present case." *Johnson*, 492 F. Supp. 2d at 499-500; *see also Hoover*, 774 F. Supp. at 64 (stating defendants "would be severely prejudiced by allowing [] action to continue without plaintiff's parents, because it would thus be exposed to the threat of multiple litigation"). Because Theresa Hoffman is a necessary party, the complaint fails to state a claim because Hoffman's failed to join her.

## C.    Hoffman's "Fraud/Negligence" Claim Fails.

Hoffman's first cause of action is for "Fraud / Negligence." In his complaint, Hoffman does not appear to plead any specific facts related to these purported causes of action, but rather points to an affidavit attached to his complaint as the factual basis for his claims. The affidavit is premised exclusively

on the alleged wrongdoing of his broker, who he does not allege (nor could he) is affiliated with Aurora, during or shortly before the origination of his loan. Hoffman can state no claim for fraud or negligence as to Aurora because it  was not a participant in the loan's origination.  Those claims would also be barred by the statute of limitations.  Hoffman's negligence claim further fails because Aurora owed Hoffman no duty.

### 1.    Hoffman cannot State a Claim for Fraud.

"The elements of a cause of action for fraud in California are: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir.2009) (internal citation and quotation marks omitted).. "[T]he circumstances constituting fraud or mistake shall be stated with particularity."  Rule 9(b).  Allegations of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (internal quotation marks omitted).  Furthermore, when bringing an action for fraud against a corporation, a plaintiff must also specifically allege the names of the persons who made fraudulent statements, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  *See Tarmann v. State Farm Mutual Automobile Ins. Co.*, 2 Cal.

App. 4th 153, 157 (1991).  The particularity requirement of Rule 9(b) is designed to "give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993)

Hoffman's fraud claim is based on the allegation that his broker, who was not affiliated with Aurora, falsified his income and promised him a fixed rate loan, but offered him an adjustable rate loan.  (ER at 52.)  Hoffman makes no allegation that Aurora was involved in the origination, let alone that Aurora made a fraudulent statement to him.  (ER at 46-54.)  Each and every one of plaintiff's allegations, as contained within his affidavit, involve misrepresentations made to him by his broker, not Aurora.  (*Id.*)  Aurora did not originate plaintiff's loan, nor was it in any way involved with its origination, because Aurora has acted in no capacity other than as servicer of the loan.  (ER at 54; see also ER at 41.)  The District Court agreed holding Hoffman did not satisfy his heightened pleading burden to allege Aurora made misrepresentations to him or that he demonstrated reliance or damages.

Hoffman's claims for fraud are also barred by the statute of limitations.  The statute of limitations on a fraud claim is three years.  Cal. *Code Civ. Proc.*, § 338a. The statute of limitations on a claim does not begin to run until the cause of action

accrues. *Spear v. Cal. State Auto. Ass'n*, 2 Cal. 4th 1035, 1040 (1992). A cause of action accrues when "the party owning it is entitled to begin and prosecute an action thereon." *Id.* The loan originated on or about May 14, 2007. (ER at 41.) He had to, and did, begin performing under the loan agreement by making payments—that is, incurred the alleged damage—immediately. The claim accrued as soon as the loan was made; these claims should have been brought no later than May 14, 2010 in order to meet the statute of limitations. Hoffman, however, did not file until April 5, 2012.

This cause of action was properly dismissed with prejudice.

### 2.     Hoffman Cannot State A Claim for Negligence.

Hoffman's negligence claim appears to rely on the same origination-based wrongdoing that underscores his fraud claim. (ER at 48-49.) The claim fails for the same reasons the fraud claim fails—Hoffman fails to direct a single allegation to Aurora, fails to plead a single element of the claim, and the claim is barred by the statute of limitations.

*First*, as pointed out above, Hoffman's complaint alleges he was wronged by his broker, not Aurora. (ER at 52.) For this reason alone Hoffman's negligence claim fails.

*Second*, Hoffman plead none of the requisite elements. To state a claim for negligence, a plaintiff must adequately plead: (1) that defendant owed a legal duty

of care to plaintiff; (2) defendant breached that duty; (3) injury to plaintiff as a result of the breach; and (4) damage to plaintiff. *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998).  Hoffman cannot allege let alone establish the first element.  This is because "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional roles as a mere lender of money." *Nymark v. Heart Fed. Savs. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991); *see also Watts v. Decision One Mortgage Co.*, No. 09 Civ. 0043 JM (BLM), 2009 WL  2044595, at *2-3 (S.D. Cal. July 13, 2009) (dismissing negligence claim against loan servicer); *U.S. Cold Storage Cal. v. Great W. Savs. & Loan Ass'n*, 165 Cal. App. 3d 1214 (1985); *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th 1101 (1996).

Hoffman has not alleged facts to suggest the relationship between himself and Aurora was anything more than a conventional relationship between a borrower and the servicer of the loan.  Aurora did not lend plaintiff money, did not originate his loan, nor was it involved in any way in its origination.   More specifically, Hoffman has no relationship with Aurora at all, except that Aurora serviced his loan on behalf of the owner of the loan.  No duty exists between the parties and dismissal was proper.

*Third*, Hoffman's claim for negligence is barred by the statute of limitations.

The statute of limitations on a negligence claim is two years. Cal. *Code Civ. Proc.*, § 335.1. Given that Hoffman's claim again relates exclusively to the 2007 origination-based wrongs identified in his affidavit, the statute of limitations expired in 2009. Leave to amend could not cure this defect.

### D.    Hoffman's Injunctive Relief Claim Fails.

Hoffman's second cause of action seeks a preliminary and permanent injunction "to enjoin and restrain all actions inconsistent with plaintiff's title and right to possession of the property." (ER at 49.) However, injunctive relief is not available to plaintiff because he has not pleaded a substantive claim entitling him to such a remedy. Plaintiff's claim fails at the onset because injunctive relief is "not an independent cause of action, but merely a type of remedy" and a cause of action must exist before injunctive relief may be granted." *Batt v. City & Cnty. of S.F.*, 155 Cal. App. 4th 65, 82, 65 Cal. Rptr. 3d 716, 728 (2007). Such equitable remedies "are dependent upon a substantive basis for liability … [and] have no separate viability" if the underlying claims fail. *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (2000)

Injunctive relief would in any event be entirely prospective because Hoffman fails to plead that Aurora has even initiated foreclosure proceedings against the property. To prevail on a request for a preliminary injunction, the movant "must establish that [he is] likely to succeed on the merits, that [he is]

likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008) (citations omitted). Here, Hoffman cannot show he is likely to succeed on the merits, nor has he made any showing as to the remaining three elements whatsoever.

Injunctive relief, which is equitable in nature, is not available to Hoffman because he fails to allege he tendered the amount due and owing on the loan. *See Gaffney v. Downey Sav. & Loan Assoc.*, 200 Cal. App. 3d 115 (1988); *Bisno v. Sax*, 175 Cal. App. 2d 714 (1959).

The District Court's decision to dismiss this claim should be affirmed.

### E.     Hoffman Cannot Quiet Title.

Although Hoffman's complaint does not state a specific cause of action for quiet title, he does request that title to the property be quieted in his favor. (ER at 50.) Hoffman is not entitled to relief in the form of quiet title because neither Aurora nor any other party has made an adverse claim to his title.

To maintain such a claim for quiet title, Hoffman must allege he is the owner of the property and entitled to possession and the defendant asserts an adverse, superior claim to title, without right. Cal. *Code Civ. Proc.*, § 760.020; *Twain v. Harte Homeowner Ass'n v. Patterson*, 193 Cal. App. 3d 184, 188 (1987); *Gerhard v. Stephens*, 68 Cal. 2d 864, 918 (1968); *Wolfe v. Lipsy*, 163 Cal. App. 3d 633

(1985).   Although Hoffman's complaint suffers from a number of pleading deficiencies, he has not stated facts sufficient to show that Aurora has asserted a claim to title of the property, much less one without right.   Hoffman erroneously states in conclusory fashion the property was transferred via an "invalid trustee's deed."   (ER at 48.)   However, he introduced zero factual support for this erroneous allegation.   As a result, Hoffman's claim for quiet title necessarily fails.

Moreover, a mortgagor cannot quiet title against the mortgagee without paying the debt secured.   *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934); *see also Mix v. Sodd*, 126 Cal.App.3d 386, 390 (1991) (no quiet title action may lie without paying the debt, even if debt is otherwise unenforceable).   Similarly, Hoffman cannot quiet title because he defaulted on his loan, and so has not satisfied his loan obligations.   *See Kelley v. Mortgage Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).   Even if he were to tender his debt, tender is not a substitute for actual payment of the debt owed.   *Shimpones* at 649 (although plaintiff made tender offer of debt owed, it "was clearly erroneous to quiet her title" where she had not actually paid the debt secured).   Nowhere does Hoffman allege he has or can repay his loan.   Nevertheless, Hoffman asks for a free house.

///

## <u>CONCLUSION</u>

For all of the reasons discussed in this brief, Hoffman fails to establish a basis for overturning the District Court's decision to dismiss Hoffman's Complaint with prejudice.  The District Court's ruling should be affirmed.

DATED this 21 day of August, 2013                **AKERMAN SENTERFITT LLP**

By: */s/ Justin D. Balser*

Justin D. Balser
725 S. Figueroa Street, 38th Floor
Los Angeles, California 90017

Attorneys for Defendant/Appellee
AURORA COMMERCIAL CORP.
*successor by merger to* AURORA
BANK FSB

## STATEMENT OF RELATED CASES

Aurora Commercial Corp. *successor by merger to* Aurora Bank FSB (**Aurora**) is not aware of any cases pending in this Court that would be deemed related to this case pursuant to Ninth Circuit Rule 28-2.6.

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because: this brief contains 6,643 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman font, 14-point size.

DATED this 21 day of August, 2013

**AKERMAN SENTERFITT LLP**

By: */s/ Justin D. Balser*

Justin D. Balser
725 S. Figueroa Street, 38th Floor
Los Angeles, California 90017

Attorneys for Defendant/Appellee
AURORA COMMERCIAL CORP.
*successor by merger to* AURORA
BANK FSB

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system and served same by mailing a true and correct copy of the foregoing to the following parties via Federal Express overnight delivery:

Michael S. Hoffman
741 Jeffries Road
Big Bear Lake, CA 92315
*Plaintiff-Appellant, In Pro Per*

By: <u>*/s/ Justin D. Balser*</u>